## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**AARON LEE HAIRSTON,**

      Plaintiff,

v.                                                                                                            **CIVIL ACTION NO.: 3:20-CV-174**
                                                                                                                **(GROH)**

**SALLY JACKSON; FAMILY COURT
Of BERKELEY COUNTY, MARTINSBURG;
WEST VIRGINIA BUREAU OF CHILD SUPPORT
ENFORCEMENT; JENNIFER C. SHOMO;
EDYTHYE NASH GAISER; and THE STATE
SUPREME COURT FOR ITS AQUIESCE TO THE
CLERK'S UNCONSTITUTIONAL CONDUCT,**

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Currently pending before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble.  ECF No. 8.  On October 7, 2020, this action was referred to Magistrate Judge Trumble for submission of an R&R pursuant to 28 U.S.C. § 636(b)(1)(A).  ECF No. 6.  On October 21, 2020, Magistrate Judge Trumble issued his R&R recommending that the Court dismiss the Plaintiff's complaint without prejudice and deny the Plaintiff's motion to proceed in forma pauperis as moot.  ECF No. 8.  On November 17, 2020, the Plaintiff timely filed his objections to the R&R.  ECF No. 10.  Accordingly, the matter is ripe for adjudication.

## I. BACKGROUND

On September 16, 2020, the pro se Plaintiff filed the instant complaint against the Defendants alleging violations of his Fifth and Fourteenth Amendment constitutional rights.  ECF No. 1.  The complaint states three claims, stemming from various child support collection orders issued by the Berkeley County Family Court in 2017.[1]  Id. at 4–10.  In his first claim, the Plaintiff alleges that the Honorable Sally Jackson, who presided over the child support proceedings before the Family Court, lacked jurisdiction to issue these orders while the Plaintiff was incarcerated and without gainful employment.  Id. at 4–6.  In his second claim, the Plaintiff alleges that Jennifer C. Shomo and West Virginia's Bureau of Child Support Enforcement ("BCSE") "took jurisdiction over the [P]laintiff . . . not knowing if he was still incarcerated or with gainful employment."  Id. at 7.  For relief, the Plaintiff seeks monetary damages in the amount of $100,000.00 from Judge Jackson and the Family Court of Berkeley County, Jennifer C. Shomo and West Virginia's Bureau of Child Support Enforcement ("BCSE"), each, and also requests that BCSE return all child support payments made by the Plaintiff.

Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's complaint.  For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made.

---

[1] The Plaintiff withdraws the third count against Edythe Nash Gaiser and the West Virginia Supreme Court in his objections.  ECF No. 10 at 10.

However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).

However, the Court is not required to review objections to the magistrate judge's R&R that are not made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).  When a party makes only general objections to the R&R, meaning "objections [that] are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge," the party waives his right to de novo review, and the Court subjects that portion of the R&R to a clear error review.  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009).  "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review."  Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]."  Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that

3

without an objection, no explanation whatsoever is required of the district court when adopting an R&R). Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects de novo.

### III. DISCUSSION

As to the Plaintiff's first claim, the magistrate judge recommended that, because the Plaintiff failed to present an independent claim that does not stem from state court proceedings, this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. ECF No. 8 at 8. In his objections, the Plaintiff argues that the Rooker-Feldman doctrine is inapplicable here because the Defendants acted without jurisdiction and the child support payment orders were procured by this "fraud." ECF No. 10 at 6, 9. Thus, the Plaintiff alleges that the Defendants deprived him of his Fourteenth Amendment right to equal protection under the law. Id. at 7.

District courts, as courts of original jurisdiction, may not sit in direct review of state courts. Davani v. Va. Dep't of Trans., 434 F.3d 712, 717 (4th Cir. 2006). To enforce this distinction, the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine applies where a "state-court loser . . . seeks redress for an injury caused by the state-court decision itself." Davani, 434 F.3d at 718.

Here, the Plaintiff claims that Judge Jackson violated his constitutional rights when she exercised jurisdiction over his child support obligations before the Family Court. For relief, he requests that the Court strike the Family Court's child support collection order.

4

Using the Supreme Court's language, the Plaintiff is a "state-court loser complaining of injuries caused by state-court judgments" because he is asking the Court to review and reject the Family Court's judgment. See Exxon Mobile, 544 U.S. at 284. Accordingly, the Rooker-Feldman doctrine applies and precludes the Court's ability to hear the Plaintiff's first claim regarding the child support collection orders.

The Court has considered the Plaintiff's objections and is unpersuaded by his arguments. Courts routinely apply the Rooker-Feldman doctrine despite allegations that a state court acted without jurisdiction.[2] However, here, Judge Jackson clearly had subject matter jurisdiction over the Plaintiff's child support obligations. The West Virginia Code vests jurisdiction in family court judges to consider actions to obtain orders of child support. W. Va. Code § 51-2A-2(a)(2), (9). Finally, the Fourth Circuit does not recognize a "fraud" exception to the Rooker-Feldman doctrine,[3] and the Plaintiff does not cite any precedential authority to support his argument. Thus, the Court overrules the Plaintiff's objections and finds that it is barred from hearing the Plaintiff's first claim under the Rooker-Feldman doctrine.

As to the Plaintiff's second claim, the magistrate judge found that the Plaintiff failed to state a claim under Rule 8 of the Federal Rules of Civil Procedure because the

---

[2] See, e.g., Houston v. Venneta Queen, 606 F. App'x 725, 733 (5th Cir. 2015) (unpublished decision); Reguli v. Guffee, 371 F. App'x 590, 597 (6th Cir. 2010) ("Even if issued without jurisdiction, the order was still issued by a state court, and Rooker-Feldman bars a federal court from reviewing the constitutionality of that order."); Casle v. Tillman, 558 F.3d 1258, 1265 n.3 (11th Cir. 2009); In re Smith, 287 F. App'x 683, 685 (10th Cir. 2008) (unpublished decision) (rejecting "the proposition that there is a general exception to Rooker-Feldman when the state court is alleged to have acted without jurisdiction."); Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006); Doe v. Mann, 415 F.3d 1038, 1042 (9th Cir. 2005) ("Rooker-Feldman applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment.").

[3] Indeed, most courts in this Circuit have refused to create an exception to the Rooker-Feldman doctrine. See, e.g., Nelson v. Levy Ctr., LLC, No. 9L11-1184, 2016 WL 176414, at *6 (compiling cases).

complaint fails to allege facts that support plausible violations of his Fifth and Fourteenth Amendment rights. ECF No. 8 at 9–10. While the Plaintiff objects to this finding, he does not present any new material facts or arguments in his objections, and merely reiterates the arguments that Magistrate Judge Trumble considered in the R&R. Accordingly, the Court finds that de novo review is not required. See Taylor, 32 F. Supp. 3d at 260–61.

After reviewing the R&R for clear error, the Court agrees with Magistrate Judge Trumble that the Plaintiff failed to state a plausible claim against the Defendants for violating his Fifth and Fourteenth Amendment rights. However, the Court finds that it also lacks jurisdiction to hear the Plaintiff's second claim for the same reason it lacks jurisdiction to hear his first claim: The Plaintiff requests that this Court redress his injuries arising from the Defendants' alleged ethical violations during a state-court proceeding. Accordingly, the Court finds that the Rooker-Feldman doctrine applies to the Plaintiff's second claim as well and precludes the Court from hearing his claim.

## IV. CONCLUSION

Therefore, upon careful review and finding no error of fact or law, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 8] is **ADOPTED IN PART**. Pursuant to the Rooker-Feldman doctrine, this Court lacks jurisdiction to hear the Plaintiff's claims concerning state-court orders, child support enforcement, and alleged ethical violations arising out of state-court hearings. Therefore, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. The Court further **ORDERS** that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2] and the Plaintiff's Motion to Appoint Counsel [ECF No. 3] are

**DENIED** as **MOOT**.

The Clerk is **DIRECTED** to transmit a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested.

**DATED:** March 22, 2021

                                                                                    _/s/ Gina M. Groh_
                                                                                    GINA M. GROH
                                                                                    CHIEF UNITED STATES DISTRICT JUDGE